UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4822

JERMAINE LAMONT WOOD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-99-144)

Submitted: July 27, 2000

Decided: August 14, 2000

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janipher W. Robinson, ROBINSON & GREENE, Richmond, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, John S.
Davis, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Jermaine Lamont Wood of conspiring with Charles Pierce to possess with the intent to distribute crack cocaine, conspiring to use and carry firearms during and in relation to the drug trafficking offense, and using and carrying a firearm during the drug trafficking offense, during the course of which Wood shot and killed James Cooper. Wood appeals only the two convictions involving firearms, alleging insufficient evidence to support the jury's finding that the offenses occurred during and in relation to a drug trafficking crime. We affirm.

Wood argues there was insufficient evidence presented at trial to prove Cooper's murder occurred during a drug trafficking offense or to prove he conspired with Pierce to carry and use firearms during a drug trafficking offense. When assessing the sufficiency of the evidence of a criminal conviction on direct review,"[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

The jury convicted Wood of the drug trafficking crime that is the underlying drug trafficking offense in the two convictions Wood contests.* Wood does not contest that conviction, but asserts the drug trafficking was "incidental" to the other crimes for which he was convicted. We disagree and find there was sufficient evidence that he committed the other crimes during and in relation to a drug trafficking crime. See United States v. Crump, 120 F.3d 462 (4th Cir. 1997). Viewing the evidence in the light most favorable to the Government, we conclude there was sufficient evidence supporting the jury's verdicts.

_____

*Wood was convicted of Counts One, Three, and Four of the indictment. Count One charged him with conspiring to possess with the intent to distribute crack cocaine and was the predicate drug trafficking offense in Counts Three and Four.

2

We therefore affirm Wood's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3